**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| UBS FINANCIAL SERVICES INC. and UBS BANK USA, N.A. f/k/a UBS BANK USA, | Civil Action No. 4:26-cv- |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF TREASURY, and INTERNAL REVENUE SERVICE, | **COMPLAINT FOR WRONGFUL LEVY** |
| Defendants. | |

Plaintiffs UBS Financial Services Inc. and UBS Bank USA, N.A. f/k/a UBS Bank USA (collectively, "UBS"), by way of Complaint against defendants United States of America, United States Department of Treasury and Internal Revenue Service (collectively, the "United States"), allege and seek relief as follows:

**INTRODUCTION**

1. The United States, by and through the Internal Revenue Service ("IRS"), issued a Notice of Levy to UBS for outstanding taxes in the amount of $299,445.07 that are allegedly owed by Carey J. Colquitt ("Mr. Colquitt") and Philesha R. Colquitt (collectively, the "Taxpayers"). Pursuant to 26 U.S.C. § 6332, and without waiving any of its rights, UBS complied with the Notice of Levy and turned over to the IRS funds in the amount of $86,492.88 from the brokerage account that the Taxpayers maintain at UBS.

2. UBS, however, has a perfected, first-priority security interest and lien of $89,046.48 (as of April 30, 2026) in the assets in the account as a result of an outstanding loan

- 1 -

that UBS Bank extended to Mr. Colquitt.  After the turnover of $86,492.88 to the IRS, there are now no UBS account funds remaining to satisfy UBS's lien.

3.      UBS has advised the IRS of its senior security interest and lien in the UBS account funds at issue and provided the IRS with legal authority demonstrating the priority of UBS's position.  To date, however, the IRS has not responded.  Accordingly, UBS now brings this wrongful levy action pursuant to 26 U.S.C. § 7426 to recover the $86,492.88 in UBS account funds from the United States.

## THE PARTIES

4.      UBS Financial Services Inc. ("UBS Financial Services") is a brokerage firm incorporated in Delaware with a principal place of business in Weehawken, New Jersey.

5.      UBS Bank USA, N.A. f/k/a UBS Bank USA ("UBS Bank") is a national banking association based in Salt Lake City, Utah that, among other things, provides credit and loans to certain customers of UBS Financial Services.

6.      The United States, by and through the IRS, conducts business and maintains offices throughout the country, including, but not limited to, offices located in the federal district in which this Court resides.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346, 26 U.S.C. § 7426 and/or 26 U.S.C. § 6532(c)(1).

8.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1402 because, at the time of the levy at issue, the property levied upon was situated in the federal district in which this Court resides.

## FACTS

**A.     UBS Bank Extends a Loan to Mr. Colquitt**

9.      On or about August 19, 2021, Mr. Colquitt entered into a Credit Line Agreement with UBS Bank.  A true and complete copy of the Credit Line Agreement (which has been redacted with regard to account numbers, tax identification numbers and other personal identifiers) is attached hereto as **Exhibit A**.

10.     Under the terms of the Credit Line Agreement, Mr. Colquitt borrowed money from UBS Bank at certain times and in certain amounts that Mr. Colquitt requested and that UBS Bank approved (the "Loan").

11.     To secure repayment of the Loan, Mr. Colquitt granted UBS Bank a first priority lien and security interest in, among other things, all of the assets in any and all brokerage accounts that he maintains at UBS Financial Services (*see*, *inter alia*, Credit Line Agreement, at ¶ 9), which includes Account No. LH XXX09 (the "UBS Collateral Account") that is held jointly by the Taxpayers and maintained at UBS Financial Services' branch office located at 1 Lenox Place, Saint Louis, Missouri 63108.

12.     UBS Bank perfected its first-priority lien by virtue of its control over the UBS Collateral Account, as provided for in the Credit Line Agreement and the Master Account Control Agreement between UBS Bank and UBS Financial Services. (*See* Credit Line Agreement, at ¶ 10.)  A true and complete copy of the Master Account Control Agreement is attached hereto as **Exhibit B**.

13.     As of April 30, 2026, the Loan had an outstanding balance of $89,046.48 that is due and owing to UBS Bank.  This outstanding Loan balance is set forth in Mr. Colquitt's Loan

account statement for April 2026, a true and accurate copy of which (which has been redacted with regard to the account number) is attached hereto as **Exhibit C**.

14. Interest and other fees, including attorneys' fees and collection costs, continue to accrue on the Loan as set forth in the Credit Line Agreement.

**B.    The IRS Notice of Levy**

17. In or around October 2025, the IRS issued to UBS Financial Services a Notice of Levy, dated October 8, 2025, for outstanding taxes in the amount of $299,445.07 that are allegedly owed by the Taxpayers.  A true and accurate copy of the Notice of Levy (which has been redacted with regard to the Taxpayers' social security numbers) is attached hereto as **Exhibit D**.

18. Pursuant to the Notice of Levy, UBS Financial Services sent the IRS funds in the amount of $86,492.88 from the UBS Collateral Account.  A copy of UBS Financial Services' cover letter and check to the IRS, along with its related response to the Levy (which have been redacted with regard to social security numbers), are collectively attached hereto as **Exhibit E**.

19. In connection with the Notice of Levy, UBS has advised the IRS that the $86,492.88 in UBS Collateral Account funds have been wrongfully levied upon because such funds were subject to UBS Bank's perfected, first priority security interest and lien.  To support its position, UBS also provided the IRS with copies of the loan documents between UBS and Mr. Colquitt, as well as legal authority demonstrating that UBS Bank has priority to the $86,492.88 at issue.

20. To date, however, the IRS has not responded to UBS.

## COUNT I
### WRONGFUL LEVY UNDER 26 U.S.C. § 7426

21.   UBS repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

22.   The wrongful levy statute, 26 U.S.C. § 7426, affords a remedy to innocent third parties whose property is confiscated by the IRS to satisfy another person's tax liability.

23.   The statute provides that, if the person against whom the levy is issued claims "an interest in or lien" on the levied property and believes that "such property was wrongfully levied," that person may bring a civil wrongful levy action against the United States in a district court of the United States.  The statue also states that "such action may be brought without regard to whether such property has been surrendered to or sold by the [IRS]."

24.   Further, the Department of Treasury has expressly recognized that a levy is "wrongful" where, as here, it effectively destroys a lienholder's superior interest.  *See* 26 CFR § 301.7426-1.

25.   Indeed, "a secured creditor who obtains a perfected security interest before the Government's lien attaches has priority over the Government, and its security interest will prevail in a wrongful levy suit." *Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank*, 312 F.3d 131, 138 (3d Cir. 2002).

26.   Here, UBS Bank's prior, perfected, first priority lien and security interest in the UBS Collateral Account funds is senior to and has priority over the IRS's claim to such funds. In fact, UBS Bank's security interest and lien has "superpriority" over any federal tax lien pursuant to 26 U.S.C. § 6323(b).  *See IRS Chief Counsel Advice Memorandum*, Section 6323 – Validity and Priority Against Certain Persons, dated March 18, 2013, (under IRS Revenue

Ruling 2006-42, the IRS "will generally release a levy once a bank establishes its superpriority interest."), a true and complete copy of which is attached hereto as **Exhibit F**.

27.    In light of the foregoing, the $86,492.88 in UBS Collateral Account funds that were turned over to the IRS pursuant to the Notice of Levy belong to UBS Bank and cannot be used to satisfy the Taxpayers' alleged tax obligations.

**WHEREFORE**, UBS requests entry of a Judgment in its favor and against the United States as follows:

(a)    Declaring and adjudging pursuant to 26 U.S.C. § 7426 that the United States has wrongfully levied upon the $86,492.88 in UBS Collateral Account funds that were turned over to the IRS pursuant to the Levy;

(b)    Ordering the United States to immediately return to UBS the $86,492.88 in UBS Collateral Account funds that were turned over to the IRS pursuant to the Levy or, in the alternative, entering judgment in favor of UBS and against the United States in the amount of the $86,492.88 in funds levied upon, plus interest as provided for in 26 U.S.C. § 7426;

(c)    Awarding UBS its costs of suit, including attorneys' fees; and

(d)    For such other and further relief as the Court deems just and equitable.

Dated:  June 9, 2026                    Respectfully submitted,

*/s/ Kyra H. Short*
Kyra H. Short, #69344MO
GORDON REES SCULLY MANSUKHANI, LLP
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
(314) 961-6686
kshort@grsm.com

Of Counsel:
Joshua S. Bratspies
SHERMAN ATLAS SYLVESTER &
STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932

- 6 -

(973) 302-9700 (phone)
jbratspies@shermanatlas.com
(Seeking Admission *Pro Hac Vice*)

*Attorneys for Plaintiffs*
*UBS Financial Services Inc. and*
*UBS Bank USA, N.A. f/k/a UBS Bank USA*

4915-6841-0029, v. 5